UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| SHERRI DOWNING<br><br>Plaintiff,<br><br>-v-<br><br>TRIDENT ASSET MANAGEMENT, L.L.C.<br><br>Defendant. | CASE NO.: 4:18-cv-04217<br><br>JUDGE:<br><br>COMPLAINT<br><u>JURY DEMAND ENDORSED HEREON</u> |

Plaintiff, Sherri Downing, for her complaint against Trident Asset Management, L.L.C. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), for Defendant's unlawful collection practices as described more fully in this complaint.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Central District of Illinois and the events and/or omissions giving rise to the claims made in this complaint occurred within the Central District of Illinois.

1

PARTIES

4. Plaintiff, Sherri Downing ("Ms. Downing"), is a natural adult person residing in Rock Island, Illinois, which lies within the Central District of Illinois.

5. Ms. Downing is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Ms. Downing is a "person" as that term is defined by the ICFA.

7. Defendant, Trident Asset Management, L.L.C., is a Georgia corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its communications to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10. Defendant is a "person" as that term is defined and/or used within the ICFA.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

12. On or around September 18, 2018, Ms. Stone received a letter from Defendant detailing a settlement offer (the "Settlement Letter"). See the Settlement Letter, dated September 18, 2018, attached to this complaint as Exhibit A.

13. In the Settlement Letter, Defendant identifies themselves as a debt collector.

14. In the Settlement Letter, Defendant detailed that the account's original creditor is *Rhythm City Casino* for $300.00 plus a $30.00 "returned check fee" (the "Subject Debt"). *See* Exhibit A. The date of the check is noted as "08/15/2012." *See* Exhibit A.

15. The Settlement Letter also states that Defendant has been given authority to settle the account for "50% of the balance owed" and that if payment is made within forty-five (45) days of the date on the letter, Defendant will accept a payment of "$165.00" to satisfy the Subject Debt. *See* Exhibit A.

16. Ms. Downing did not recognize the Subject Debt as belonging to her.

17. The applicable statute of limitations for the Subject Debt states, in relevant part:

> "Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied . . . shall be commenced within 5 years next after the cause of action accrued."  *See* 735 ILCS § 5/13-205.

18. Thus, given the applicable five (5) year statute of limitations and the fact that the Subject Debt was delinquent since August 15, 2012, as of September 18, 2018, the date of the Settlement Letter, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

19. Despite the time-barred status of the Subject Debt, at no point in the Settlement Letter did Defendant disclose or explain to Ms. Downing that the Subject Debt was time-barred or that Defendant could not sue Ms. Downing to collect it.

20. Despite the time-barred status of the Subject Debt, at no point in the Settlement Letter did Defendant disclose or explain to Ms. Dunning that by paying, or just agreeing to pay, any portion of the Subject Debt, or merely acknowledging the Subject Debt as valid, it could have the effect of resetting the applicable statute of limitations as to the Subject Debt, potentially subjecting Plaintiff to further legal liability.

21. Confused and concerned after receiving the Settlement Letter, and questioning the validity of Defendant's claim to the Subject Debt, Ms. Dunning reached out to her attorneys for assistance and clarification regarding her rights.

22. After a reasonable time to conduct discovery, Ms. Dunning believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

23. Ms. Dunning was misled by Defendant's collections actions.

24. Ms. Dunning justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted economic harm.

25. Due to Defendant's conduct, Ms. Dunning was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

26. After a reasonable time to conduct discovery, Ms. Dunning believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

27. Due to Defendant's conduct, Ms. Dunning is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(10), e(14) and f*

28. All prior paragraphs are incorporated into this count by reference.

29. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. §§ 1692e, e(2)(A), e(10) and e(14).
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

30. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f in the Settlement Letter by attempting to collect the Subject Debt after omitting any disclosure whatsoever to Plaintiff regarding the Subject Debt's time-barred status and the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the time-barred Subject Debt.

31. Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Plaintiff.

32. Such omissions served only to confuse and intimidate Plaintiff in the hopes that she waived her rights and affirmative defenses under the law. Plaintiff was unable to adequately determine the character and legal status of the Subject Debt based upon Defendant's representations and/or omissions, and was unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the Subject Debt.

33. As an experienced debt collector, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

34. As Plaintiff had never previously dealt with or had a contractual relationship with Defendant, Plaintiff was justifiably confused and skeptical of the representations and/or omissions regarding the legal status of the Subject Debt, as well as Defendant's ability to legally collect upon it.

35. As set forth in paragraphs 24 through 28 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

COUNT II
VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
*815 ILCS §§ 505/2, 505/10a*

36. All prior paragraphs are incorporated into this count by reference.

37. The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that other rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged hereby." 815 ILCS § 505/2.

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS § 505/10a.

38. Defendant violated the ICFA, namely 815 ILCS § 505/2, by engaging in unfair, abusive and deceptive conduct it its transaction with Plaintiff by attempting to collect the Subject Debt in the Settlement Letter, after omitting any disclosure whatsoever to Plaintiff concerning the time-barred status of the Subject Debt, namely, that Plaintiff could no longer be sued in connection with the Subject Debt and/or that any payment she made towards the Subject Debt, or even

arranging to pay, could reset the applicable statute of limitations as to the entire balance of the Subject Debt.

39. Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide a complete and/or accurate disclosure of the same to Plaintiff.

40. Defendant intended that Plaintiff rely on its unlawful communications in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising her rights.

41. As set forth in paragraphs 24 through 28 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

42. Plaintiff is therefore entitled to relief pursuant to 815 ILCS § 505/10a.

43. Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sherri Downing, respectfully requests that this Court enter judgment in her favor as follows:

A. Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff punitive damages, in such an amount as determined by the jury, as provided under 815 ILCS § 505/10a;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

E. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 15th day of November, 2018.    Respectfully Submitted,

        */s/ Kristen C. Wasieleski*
Kristen C. Wasieleski #6303018
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
kristen.w@consumerlawpartners.com
*Counsel for Plaintiff*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

    */s/ Kristen C. Wasieleski*
Kristen C. Wasieleski #6303018
CONSUMER LAW PARTNERS, LLC