**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| SHERRI DOWNING, | ) |
| | ) Civil Case No.: 4:18-cv-04217 |
| Plaintiff, | ) |
| | ) Judge Sara Darrow |
| v. | ) |
| | ) |
| TRIDENT ASSET MANAGEMENT, LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT TRIDENT ASSET MANAGEMENT, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, Trident Asset Management, LLC (hereinafter, "Trident" and "Defendant"), by and through its attorneys, Messer Strickler, Ltd., for its Answer to Plaintiff's Complaint, states as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), for Defendant's unlawful collection practices as described more fully in this complaint.

**ANSWER:  Trident admits that Plaintiff is attempting to assert claims against it under the Fair Debt Collection Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act.  Trident denies having violated these laws and denies that Plaintiff is entitled to any of the relief sought in her Complaint.**

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331,

1

1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

**ANSWER:   Defendant admits only that Plaintiff is attempting to assert claims against it under the Fair Debt Collection Practices and these claims raise federal questions.**

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Central District of Illinois and the events and/or omissions giving rise to the claims made in this complaint occurred within the Central District of Illinois.

**ANSWER:   The statement contained in Paragraph 3 of Plaintiff's Complaint relates to multiple legal conclusions to which Defendant is under no known obligation to respond.  To the extent a response is required and to the extent Paragraph 3 is construed to contain any factual allegation directed against Trident, such allegation is denied.**

PARTIES

4.   Plaintiff, Sherri Downing ("Ms. Downing"), is a natural adult person residing in Rock Island, Illinois, which lies within the Central District of Illinois.

**ANSWER:   The statement contained in Paragraph 4 of Plaintiff's Complaint relates to legal conclusions to which Defendant is under no known obligation to respond. To the extent a response is required and to the extent Paragraph 4 is construed to contain any factual allegation directed against Trident, such allegation is denied.**

5.   Ms. Downing is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

**ANSWER:   The statement contained in Paragraph 5 of Plaintiff's Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond. To the extent a response is required and to the extent Paragraph 5 is construed to contain any factual allegation directed against Trident, such allegation is denied.**

6.  Ms. Downing is a "person" as that term is defined by the ICFA.

**ANSWER: The statement contained in Paragraph 6 of Plaintiff's Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond. To the extent a response is required and to the extent Paragraph 6 is construed to contain any factual allegation directed against Trident, such allegation is denied.**

7.  Defendant, Trident Asset Management, L.L.C., is a Georgia corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER: Trident admits its status as a limited liability corporation organized under the laws of the State of Georgia, that a purpose of its business is the collection of unpaid accounts and debts, that individuals or entities believed to be responsible for such unpaid accounts and debts may reside in the State of Illinois and other states, and that it uses the mail and telephone in furtherance of its objectives.**

8.  In its communications to consumers, Defendant identifies itself as a "debt collector."

**ANSWER: Defendant admits only that the correspondence at issue states, among other things, that it is from a debt collector. Whether Trident is a "debt collector" as that term is defined by §1692a(6) relates to a legal conclusion to which Defendant is under no known obligation to respond. To the extent any further response is required and to the extent Paragraph 8 of Plaintiff's Complaint is construed to contain any additional factual allegation not previously addressed herein, such allegation is denied.**

9.  Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

**ANSWER:** **The statement contained in Paragraph 9 of Plaintiff's Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond. To the extent a response is required and to the extent Paragraph 9 is construed to contain any factual allegation directed against Trident, Defendant admits that in certain circumstances it may meet the definition of "debt collector" as that term is defined by §1692a(6) of the Fair Debt Collection Practices Act.**

10. Defendant is a "person" as that term is defined and/or used within the ICFA.

**ANSWER:** **The statement contained in Paragraph 10 of Plaintiff's Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond. To the extent a response is required and to the extent Paragraph 10 is construed to contain any factual allegation directed against Trident, such allegation is denied.**

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

**ANSWER:** **The statement contained in Paragraph 11 of Plaintiff's Complaint relates to multiple legal conclusions to which Defendant is under no known obligation to respond. To the extent a response is required and to the extent Paragraph 11 is construed to contain any factual allegation directed against Trident, Defendant admits only that when its employees are acting within the scope of their employment, Trident acts through its employees.**

## FACTS SUPPORTING CAUSES OF ACTION

12. On or around September 18, 2018, Ms. Stone received a letter from Defendant detailing a settlement offer (the "Settlement Letter"). See the Settlement Letter, dated September 18, 2018, attached to this complaint as Exhibit A.

**ANSWER: Trident admits only that it sent the correspondence attached to Plaintiff's Complaint as Exhibit A on or about September 18, 2018.**

13. In the Settlement Letter, Defendant identifies themselves as a debt collector.

**ANSWER: Trident admits only that it sent the correspondence attached to Plaintiff's Complaint as Exhibit A on or about September 18, 2018 and that the correspondence states, among other things, "[t]his communication is from a debt collector."**

14. In the Settlement Letter, Defendant detailed that the account's original creditor is Rhythm City Casino for $300.00 plus a $30.00 "returned check fee" (the "Subject Debt"). See Exhibit A. The date of the check is noted as "08/15/2012." See Exhibit A.

**ANSWER: Trident admits only that the content of the correspondence referenced in Paragraph 14 of Plaintiff's Complaint speaks for itself. Defendant denies any misconstruction or mischaracterization of same.**

15. The Settlement Letter also states that Defendant has been given authority to settle the account for "50% of the balance owed" and that if payment is made within forty-five (45) days of the date on the letter, Defendant will accept a payment of "$165.00" to satisfy the Subject Debt. See Exhibit A.

**ANSWER:** Trident admits only that the content of the correspondence referenced in Paragraph 15 of Plaintiff's Complaint speaks for itself. Defendant denies any misconstruction or mischaracterization of same.

16. Ms. Downing did not recognize the Subject Debt as belonging to her.

**ANSWER:** Trident lacks knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 16 of Plaintiff's Complaint.

17. The applicable statute of limitations for the Subject Debt states, in relevant part: "Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied . . . shall be commenced within 5 years next after the cause of action accrued." See 735 ILCS § 5/13-205.

**ANSWER:** The statement contained in Paragraph 17 of Plaintiff's Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond. To the extent a response is required and to the extent Paragraph 17 is construed to contain any factual allegation directed against Trident, such allegation is denied.

18. Thus, given the applicable five (5) year statute of limitations and the fact that the Subject Debt was delinquent since August 15, 2012, as of September 18, 2018, the date of the Settlement Letter, the Subject Debt was a time-barred debt, i.e., it fell outside the applicable statute of limitations.

**ANSWER:** The statement contained in Paragraph 18 of Plaintiff's Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond. To the extent a response is required and to the extent Paragraph 18 is construed to contain any factual allegation directed against Trident, such allegation is denied.

19. Despite the time-barred status of the Subject Debt, at no point in the Settlement Letter did Defendant disclose or explain to Ms. Downing that the Subject Debt was time-barred or that Defendant could not sue Ms. Downing to collect it.

**ANSWER: The statement contained in Paragraph 19 of Plaintiff's Complaint relates, in part, to a legal conclusion to which Defendant is under no known obligation to respond. Trident admits only that the content of the correspondence referenced in Paragraph 19 of Plaintiff's Complaint speaks for itself. Defendant denies any misconstruction or mischaracterization of same.**

20. Despite the time-barred status of the Subject Debt, at no point in the Settlement Letter did Defendant disclose or explain to Ms. Dunning that by paying, or just agreeing to pay, any portion of the Subject Debt, or merely acknowledging the Subject Debt as valid, it could have the effect of resetting the applicable statute of limitations as to the Subject Debt, potentially subjecting Plaintiff to further legal liability.

**ANSWER: The statement contained in Paragraph 20 of Plaintiff's Complaint relates, in part, to a legal conclusion to which Defendant is under no known obligation to respond. Trident admits only that the content of the correspondence referenced in Paragraph 20 of Plaintiff's Complaint speaks for itself. Defendant denies any misconstruction or mischaracterization of same.**

21. Confused and concerned after receiving the Settlement Letter, and questioning the validity of Defendant's claim to the Subject Debt, Ms. Dunning reached out to her attorneys for assistance and clarification regarding her rights.

**ANSWER: Trident denies that the correspondence at issue created confusion. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 21 of Plaintiff's Complaint.**

22. After a reasonable time to conduct discovery, Ms. Dunning believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

**ANSWER: The allegations set forth in Paragraph 22 of Plaintiff's Complaint are denied.**

## DAMAGES

23. Ms. Dunning was misled by Defendant's collections actions.

**ANSWER: The allegations set forth in Paragraph 23 of Plaintiff's Complaint are denied.**

24. Ms. Dunning justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted economic harm.

**ANSWER: The allegations set forth in Paragraph 24 of Plaintiff's Complaint are denied.**

25. Due to Defendant's conduct, Ms. Dunning was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

**ANSWER: The allegations set forth in Paragraph 25 of Plaintiff's Complaint are denied.**

26. After a reasonable time to conduct discovery, Ms. Dunning believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

**ANSWER:     The allegations set forth in Paragraph 26 of Plaintiff's Complaint are denied.**

27. Due to Defendant's conduct, Ms. Dunning is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

**ANSWER:     The allegations set forth in Paragraph 27 of Plaintiff's Complaint are denied.**

<u>GROUNDS FOR RELIEF</u>

<u>COUNT I</u>
<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
<u>15 U.S.C. §§ 1692e, e(2)(A), e(10), e(14) and f</u>

28. All prior paragraphs are incorporated into this count by reference.

**ANSWER:     The statement contained in Paragraph 28 of Plaintiff's Complaint requires no response on the part of Defendant.**

29. The FDCPA states, in relevant part:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of --

(A)    the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. (14) The use of any business, company, or organization name other than the true name

of the debt collector's business, company, or organization." 15 U.S.C. §§ 1692e, e(2)(A), e(10) and e(14).

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

**ANSWER:** **The statements contained in Paragraph 29 of Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent a response is required and to the extent Paragraph 29 is construed to contain any factual allegation directed against Trident, such allegation is denied.**

30. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f in the Settlement Letter by attempting to collect the Subject Debt after omitting any disclosure whatsoever to Plaintiff regarding the Subject Debt's time-barred status and the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the time-barred Subject Debt.

**ANSWER:** **The allegations set forth in Paragraph 30 of Plaintiff's Complaint are denied.**

31. Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Plaintiff.

**ANSWER:** **The allegations set forth in Paragraph 31 of Plaintiff's Complaint are denied.**

32. Such omissions served only to confuse and intimidate Plaintiff in the hopes that she waived her rights and affirmative defenses under the law. Plaintiff was unable to adequately determine the character and legal status of the Subject Debt based upon Defendant's representations and/or omissions, and was unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the Subject Debt.

**ANSWER:** **The allegations set forth in Paragraph 32 of Plaintiff's Complaint are denied.**

33. As an experienced debt collector, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

**ANSWER:** **The statement contained in Paragraph 33 of Plaintiff's Complaint relates to multiple legal conclusions to which Defendant is under no known obligation to respond. To the extent a response is required and to the extent Paragraph 33 is construed to contain any factual allegation directed against Trident, such allegation is denied.**

34. As Plaintiff had never previously dealt with or had a contractual relationship with Defendant, Plaintiff was justifiably confused and skeptical of the representations and/or omissions regarding the legal status of the Subject Debt, as well as Defendant's ability to legally collect upon it.

**ANSWER:** **Trident denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.**

35. As set forth in paragraphs 24 through 28 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

**ANSWER:** **Trident denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.**

COUNT II
VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE
BUSINESS PRACTICES ACT
815 ILCS §§ 505/2, 505/10a

36. All prior paragraphs are incorporated into this count by reference.

**ANSWER:  The statement contained in Paragraph 36 of Plaintiff's Complaint requires no response on the part of Defendant.**

37. The ICFA states, in relevant part:

"Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that other rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged hereby." 815 ILCS § 505/2.

"Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS § 505/10a.

**ANSWER:  The statements contained in Paragraph 37 of Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond.  To the extent a response is required and to the extent Paragraph 37 is construed to contain any factual allegation directed against Trident, such allegation is denied.**

38. Defendant violated the ICFA, namely 815 ILCS § 505/2, by engaging in unfair, abusive and deceptive conduct it its transaction with Plaintiff by attempting to collect the Subject Debt in the Settlement Letter, after omitting any disclosure whatsoever to Plaintiff concerning the time-barred status of the Subject Debt, namely, that Plaintiff could no longer be sued in connection with the Subject Debt and/or that any payment she made towards the Subject Debt, or even

arranging to pay, could reset the applicable statute of limitations as to the entire balance of the Subject Debt.

**ANSWER:** **Trident denies the allegations set forth in Paragraph 38 of Plaintiff's Complaint.**

39. Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide a complete and/or accurate disclosure of the same to Plaintiff.

**ANSWER:** **Trident denies the allegations set forth in Paragraph 39 of Plaintiff's Complaint.**

40. Defendant intended that Plaintiff rely on its unlawful communications in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising her rights.

**ANSWER:** **Trident denies the allegations set forth in Paragraph 40 of Plaintiff's Complaint.**

41. As set forth in paragraphs 24 through 28 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

**ANSWER:** **Trident denies the allegations set forth in Paragraph 41 of Plaintiff's Complaint.**

42. Plaintiff is therefore entitled to relief pursuant to 815 ILCS § 505/10a.

**ANSWER:** **Trident denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint.**

43. Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proven at trial.

**ANSWER:** Trident denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim against Defendant upon which relief can be granted.

2. Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.

3. Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Trident would have no liability pursuant to 15 U.S.C. § 1692k(c).

4. To the extent that any of Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations or violate the doctrine of laches, such claims are time-barred.

5. Plaintiff lacks standing, including, among other reasons, because Plaintiff has not suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, as opposed to conjectural or hypothetical.

6. Plaintiffs has suffered no damages from the alleged conduct and/or violations of law by this Defendant, which this Defendant denies, and is not entitled to any award of damages, attorneys' fees, costs, and/or other expenses or relief.

7. Defendant hereby incorporates all other defenses available under the Fair Debt Collection Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act, including, but not limited to, that its conduct was in good faith and in conformity with a formal opinion of the Federal Trade Commission and/or an advisory opinion of the Bureau of Consumer Financial Protection.

8. Trident reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

DATED:  December 11, 2018                Respectfully submitted,

                                         **TRIDENT ASSET MANAGEMENT, LLC**

                                         */s/ Nicole M. Strickler*
                                         Nicole M. Strickler, IL#6298459
                                         Messer Strickler, Ltd.
                                         225 W. Washington Street, Suite 575
                                         Chicago, IL 60606
                                         (312) 334-3442
                                         (312) 334-3473 (FAX)
                                         *nstrickler@messerstrickler.com*
                                         *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December 2018, a true and accurate copy of the foregoing was filed with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record.

*/s/ Nicole M. Strickler*
Nicole M. Strickler, IL#6298459
Messer Strickler, Ltd.
225 W. Washington Street, Suite 575
Chicago, IL 60606
(312) 334-3442
(312) 334-3473 (FAX)
*nstrickler@messerstrickler.com*
*Attorney for Defendant*